NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALERIE SOTO, as Guardian Ad Litem of Y.D., a minor,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT,<br><br>Defendant-Appellee. | No. 17-16705<br><br>D.C. No.<br>2:16-cv-2063-JCM-NJK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, Senior District Judge, Presiding

Argued and Submitted November 16, 2018
San Francisco, California

Before: HAWKINS, GRABER, and THACKER,** Circuit Judges.

On January 22, 2016, Valerie Soto ("Appellant"), as guardian of Y.D., filed a

due process complaint with the Clark County School District ("District"), along with

a request for an administrative hearing pursuant to the Individuals with Disabilities

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The Honorable Stephanie Dawn Thacker, Circuit Judge for the United
States Court of Appeals for the Fourth Circuit, sitting by designation.

Education Act ("IDEA"). The administrative hearing began May 2, 2016. Two days later, prior to the issuance of a decision, the parties entered into a settlement agreement, in which Appellant "agree[d] that all issues" in her complaint had been resolved and "withdr[e]w [her] request for an impartial due process hearing, with prejudice."

Appellant then filed this action in district court against the District alleging violations of the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973. The district court dismissed the action for failure to exhaust administrative remedies. Appellant concedes that exhaustion is required. *See* 20 U.S.C. § 1415(*l*) (requiring exhaustion before filing of an ADA or Rehabilitation Act claim when a plaintiff is "seeking relief that is also available under [the IDEA]"). She contends, however, that she properly exhausted by settling and releasing her IDEA claims. We disagree. Subsection 1415(*l*) requires that "the procedures under subsections (f) and (g) . . . be exhausted" before filing ADA and Rehabilitation Act claims. Subsection (f) sets forth procedures for an impartial due process hearing, and subsection (g) provides a mechanism for appeal of a due process hearing decision. Those procedures were not exhausted within the meaning of § 1415(*l*) because, pursuant to the settlement agreement, Appellant explicitly withdrew her request for an impartial due process hearing, with prejudice.

**AFFIRMED.**

17-16705